# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 455**, 10 Lakeside Lane, Suite 3A Denver, Colorado 80212<br><br>Plaintiff,<br><br>v.<br><br>**ATLAS LOGISTICS RETAIL SERVICES (DENVER) LLC** C/O C T Corporation System 7700 E. Arapahoe Road, Suite 220 Centennial, Colorado 80112<br><br>Defendant. | CASE NO. 1:21-cv-03075<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff, Teamsters Local Union No. 455 ("Local 455" or "Union"), and by and through its undersigned counsel, complaining of Defendant, Atlas Logistics Retail Services (Denver) LLC ("Atlas" or "Company"), states and alleges as follows:

## I.   NATURE OF ACTION

1.   This is an action for breach of collective-bargaining agreement brought pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by Local 455 against Atlas. Under the provisions of the collective-bargaining agreement ("CBA") between the parties, the Union filed grievances against Atlas. Local 455 has escalated these grievances to arbitration, pursuant to the CBA. To date, the Company has refused to arbitrate these grievances, so Local 455 seeks relief before this Court for a judgment compelling arbitration and granting the other relief requested. Moreover, this action involves an actual controversy between the parties, and this Court is therefore vested by the provisions of the Declaratory Judgment Act, as amended,

1

28 U.S.C. §§ 2201 and 2202, with the power to render declaratory judgment and grant the other relief requested.

## II. PARTIES

1. Local 455 is an unincorporated labor organization and is the duly certified exclusive representative of a bargaining unit of workers employed by Atlas pursuant to a CBA between the parties, and is therefore a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185, as defined in 29 U.S.C. §§ 142(1), 142(3), 152(5), and 152(7).

2. Local 455 maintains its principal office in the consolidated City and County of Denver, Colorado, within the territorial jurisdiction of this Court.

3. Atlas is a corporation organized and existing under the laws of Minnesota, authorized to conduct business in Colorado under the laws of Colorado, and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 185, as defined in 29 U.S.C. §§ 142(3) and 152(2).

4. Atlas maintains its principal place of business in the consolidated City and County of Denver, Colorado.

## III. JURISDICTION AND VENUE

5. Original jurisdiction and venue over this matter lies with the United States District Court for the District of Colorado, pursuant to 29 U.S.C. § 185 because this Court is located in the same district, as set forth in 28 U.S.C. § 85, where Local 455 maintains its principal office.

6. Venue is also appropriate in the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1391, because the events that gave rise to the claims occurred in this district.

## IV.   CAUSE OF ACTION

7. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are incorporated as if fully restated herein.

8. This is a suit to enforce a CBA between Local 455 and Atlas, effective September 14, 2014 through September 14, 2024, inclusive, a copy of which is attached hereto as **Exhibit A**.

9. The CBA contains a mandatory and binding "Grievance and Arbitration" procedure in its Article 17, which provides as follows:

> 17.01  Should any dispute or complaint arise over the interpretation or application of this Agreement, there shall be an earnest effort on the part of the parties to settle such dispute or complaint promptly through the following steps, and failure to follow the procedures set forth below shall result in forfeiture of the grievance. No employee shall be discharged or disciplined without just cause.
>
> Step 1-    By conference between the Steward and/or the Union's Business Representative and the aggrieved employee and the supervisor of the aggrieved employee.
>
> Step 2-    If the grievance cannot be satisfactorily resolved under Step 1 above, the grievance shall be reduced to writing and submitted to the supervisor involved and to the representative designated by the Company to handle such matters. Such submission shall be made within fifteen (15) calendar days of the date of the occurrence of the event, which gives rise to the grievance, and shall clearly set forth the issues and contentions of the aggrieved party or parties and must reasonably allege a specific violation of an express provision of this Agreement. (In the case of a discharge the time limits shall be ten (10) calendar days.) The Company designee, the grievant and the Union Business Representative shall meet within ten (10) calendar days following receipt of the written grievance and attempt to resolve the grievance.
>
> Step 3-    If no solution to the grievance is reached within ten (10) days of the meeting in Step 2, the matter will be referred to the Union's Secretary-Treasurer and the Company's Regional Vice-President or designee. They will meet, review the facts and attempt to resolve the grievance.

      Step 4-    If the grievance is not satisfactorily adjusted in Step 3, the Union may within ten (10) calendar days following the Step 3 meeting, in writing, request, to the Company representative designated to handle such matters, arbitration and the Company shall be obliged to proceed with arbitration in the manner hereinafter provided. The parties shall forthwith attempt to agree upon an impartial arbitrator.

17.02  In the event the parties are unable to reach agreement upon the selection of an arbitrator, the party requesting arbitration may, with reasonable promptness, request a panel of five (5) arbitrators from the Federal Mediation and Conciliation Service. From this panel of five names, each party shall strike two names and the remaining arbitrator from the list shall be the impartial arbitrator. A finding or award of the arbitrator shall be final and conclusive upon the parties hereto.

17.03  The arbitrator shall have all the rights, power, and duties herein given, granted and imposed upon him; but his award shall not change, alter or modify any of the terms and conditions set forth in this Agreement. The parties shall share the expenses of the impartial arbitration equally[.]

17.04  The parties shall render the decision of the arbitrator within thirty (30) calendar days of the date of final agreement. Such time limits may be extended by mutual agreement of the parties[.]

17.05  The Company and the Union must select an arbitrator within fifteen (15) calendar days from the receipt of the panel of arbitrators.

17.06  The Company and the Union will, within ten (10) calendar days from the date of the receipt of available hearing dates provided from the arbitrator, schedule the hearing date[.] The hearing date must be held within ninety (90) calendar days from the date of the initial referral to arbitration provided that an arbitrator is available within such period.

17.07  Where the grievance deals with the termination of an employee, if either party should feel that the other party has unreasonably delayed the arbitration process provided for herein, that party shall have the right to raise the issue with the arbitrator. If the arbitrator finds that there has been an unreasonable delay, then the arbitrator shall be authorized to impose an appropriate penalty on the delaying party.

10.    Article 24.03 of the CBA states that "[s]upervisors shall not perform any bargaining unit work except in emergencies or for the purpose of instructing and training employees."

11.     Article 29.01 of the CBA states that "[t]he Company agrees not to subcontract work to another company where it would result in the layoff of employees working without giving the Union notice and affording the Union the opportunity to bargain concerning such change. Subcontracting shall not be defined to include the Company's past practices and present method of operation. No employee on the payroll as of the date of ratification of this contract will be laid off due directly to subcontracting."

12.     Pursuant to Article 17 of the CBA, on or about March 17, 2020, Local 455 timely filed a written class action grievance, alleging that Atlas had violated Article 29 of the CBA ("March Grievance"), a copy of which is attached hereto as **Exhibit B**.

13.     Pursuant to Article 17 of the CBA, on or about April 15, 2020, Local 455 timely filed a written class action grievance, alleging that Atlas had violated Articles 24.03 and 29 of the CBA ("April Grievance), a copy of which is attached hereto as **Exhibit C**.

14.     The March and April Grievances were consolidated by the parties for purposes of processing them through their contractual grievance and arbitration procedure ("Consolidated Grievance").

15.     By letter dated June 12, 2020, the Union timely appealed the Consolidated Grievance through the CBA's grievance and arbitration procedure to arbitration. A copy of the Union's timely notice of intent to arbitrate the Consolidated Grievance was received by Atlas and is attached hereto as **Exhibit D**.

16.     Local 455 and Atlas mutually agreed upon an arbitrator to preside over the Consolidated Grievance, and by letter dated October 12, 2020, the Union, by and though its legal counsel, notified the arbitrator of his selection, copying the Company's legal counsel, a copy of which is attached hereto as **Exhibit E**.

17. The arbitrator advised the parties that he would retain jurisdiction over the Consolidated Grievance until a final agreement was reached between the parties.

18. Local 455 and Atlas subsequently attempted to resolve the Consolidated Grievance prior to arbitration, but the parties were unable to do so.

19. Accordingly, on or about August 2, 2021, the Union notified the selected arbitrator and requested that the case be reactivated for purposes of selecting a hearing date.

20. On or about August 9, 2021, the Union indicated that it would accept January 12, 2022 as a hearing date.

21. On or about August 20, 2021, both the selected arbitrator and the Company confirmed that the arbitration hearing would go forward on January 12, 2022.

22. A copy of the email chain setting forth the communications alleged in Paragraphs 19 through 21 of this Complaint are attached hereto as **Exhibit F**.

23. On or about October 5, 2021, the Company, by and through its legal counsel, notified Local 455, by and through its legal counsel, that it was refusing to arbitrate the Consolidated Grievance, despite its earlier written commitment to do so.

24. Article 17.01, Step 4 of the CBA entitles Local 455 to arbitrate any unresolved or otherwise unsettled grievance. Despite due demand, Atlas refuses to further process, arbitrate, or otherwise recognize the Consolidated Grievance under the CBA.

25. The Company's failure and refusal to arbitrate violates the CBA's arbitration provisions and is without legal justification.

26. Disputes between the Union and Company "over the interpretation or application" of the CBA are expressly encompassed within the grievance and arbitration provisions of Article 17 of the CBA.

27.     The Consolidated Grievance involves a dispute "over the interpretation or application" of the CBA, specifically Articles 24.03 and 29 of the CBA. Therefore, Local 455 is entitled to arbitrate the disputes giving rise to the Consolidated Grievance in its entirety.

28.     This Court is further authorized, pursuant to 28 U.S.C. § 2201(a), to enter a declaratory judgment that the Company is required to abide by the foregoing agreement to arbitrate the entirety of the Consolidated Grievance and any controversies arising therefrom between the parties.

29.     An actual and justiciable dispute exists between the parties for which Local 455 lacks an adequate remedy at law and is entitled to a declaration of rights from the Court.

30.     The Union is entitled to declaratory relief to that effect with respect to the Consolidated Grievance.

WHEREFORE, Local 455 requests the following relief from this Court:

1.     That a permanent injunction be issued requiring Atlas to comply with the CBA and submit to arbitration all disputes and issues arising from the Consolidated Grievance between the parties;

2.     That this Court enter a declaratory judgment and order, pursuant to 28 U.S.C. § 2201, that the Company is required to arbitrate said claims concerning the factual bases for its breaches before the labor arbitrators selected, and to consider the merits of the Consolidated Grievance in its entirety under the applicable CBA;

3.     That Local 455 be awarded its costs and reasonable attorneys' fees incurred in obtaining specific performance of Atlas's obligation to arbitrate all disputes arising from the Consolidated Grievance.

4.     That such other relief as is just and proper is awarded.

5.     That this Court retain jurisdiction of this cause pending compliance with its orders.

Respectfully submitted,

/s/ *George H. Faulkner*
George H. Faulkner (Ohio Reg. No. 0031582)
Joseph D. Mando, Esq. (Ohio Reg. No. 0082835)
Jonah D. Grabelsky, Esq. (Ohio Reg. No. 0089009)
Faulkner, Hoffman & Phillips, LLC
One International Place
20445 Emerald Parkway Drive, Suite 210
Cleveland, Ohio 44135-6029
Ph:   (216) 781-3600
Fax: (216) 781-8839
faulkner@fhplaw.com
mando@fhplaw.com
grabelsky@fhplaw.com
*Attorneys for Plaintiff, Teamsters Local Union No. 455*